# UNITED STATES DISTRICT COURT

DISTRICT OF
MASSACHUSETTS

UNITED STATES OF AMERICA
V.
DOUGLAS M. COOK
32 N. Highlan Rd.
Norton, MA 02766

AFFIDAVIT

CASE NUMBER: 04-1407-CBS

I, James E. Roth, TSgt, USAF, 66th Security Forces, Hanscom AFB, MA., depose and say as follows:

1. I am a Technical Sergeant in the United States Air Force. I am currently assigned to the 66th Security Forces as Hanscom AFB. In my current position, I am responsible for flight operations, overseeing law enforcement officers during my shift. I make this affidavit of my own personal knowledge, except where otherwise indicated, in support of a criminal complaint charging Douglas M. Cook with theft of government property, in violation of Title 18, United States Code, Section 641.

2. On or about 18 June 2004, at approximately 1532 hours, Senior Airman Robert Grady ("SrA Grady") responded to Building 1709 at Hanscom AFB. Building 1709 houses the Base Exchange ("BX") at Hanscom AFB. The BX is operated by the Army and Air Force Exchange Service (AAFES), a non-appropriated fund activity of the Department of Defense, operated for the benefit of military members, civilian employees of the base, and other eligible individuals. Upon arrival at the BX, SrA Grady and was informed by Mr. Nathan Cairns, AAFES Security, that Douglas M. Cook was detained pending an investigation of possible shoplifting that had just occurred. SrA Grady viewed a video tape made by a surveillance camera inside the exchange. The tape showed, at approximately 1515 hours that day, Mr. Cook looking around as if he was checking to see if he was being observed, putting a large box in his shopping carriage that also contained bagged groceries and several other items, and then attempting to walk out of the store while watching the cash registers. Mr. Cook was stopped by Mr. Cairns outside the main entry location of the BX At that time he was past the registers that handle purchases in the Exchange. The merchandise in Mr. Cook's shopping carriage for which he had not paid included a HP computer, a JVC video camera, an HP computer printer, a Lexmark printer ink cartridge, and a Microsoft Encarta computer program. The groceries in the shopping carriage had been properly purchased by Mr. Cook.

3. I arrived on scene shortly thereafter and informed Mr. Cook that he would be transported to the Security Forces Squadron to be processed. He then stated that he forgot to pay. He was then transported from the BX to the Security Forces Squadron. Mr. Cook was taken into interview room 112 and he stated that he comes on base to get groceries and

   medications for his father. Mr. Cook had in his possession a DD Form 2 belonging to Retired E-4/USN James E. Cook and a Department of the Air Force Privilege Letter allowing him onto the installation. Mr. Cook was advised of his rights regarding the Fifth Amendment of the Constitution on the AF Form 1168 for shoplifting. Mr. Cook stated that he wanted to talk with a lawyer and would not answer any questions or write a statement at this time and initialed the same option on the 1168. SrA Robert Grady then escorted Mr. Cook back to the AAFES security office to retrieve his groceries. He was then escorted off the installation.

4. Based on the above, I believe that probable cause exists to conclude that on June 18, 2004, Douglas M. Cook did steal, purloin and knowingly convert to his use or the use of another, things of value of the United States and a department thereof, to wit: various electronic products held for sale by the United States Air Force at the Base Exchange at Hanscom AFB, in violation of Title 18 United States Code, Part 1, Chapter 31, Section 641.

*[signature]*
JAMES E. ROTH, TSgt, USAF
66TH SECURITY FORCES, HANSCOM AFB, MA

Subscribed and sworn to before me this 1st day of December 2004, at Hanscom AFB, MA.

*[signature]*
CHARLES B. SWARTWOOD, III
United States Magistrate Judge